# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOUVAISIER WILLIAMS (R-08320),** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 14 C 5941 |
| | ) |
| | ) Hon. James B. Zagel |
| **VINCENT STINAR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Douvaisier Williams, brought this *pro se* action alleging that he was illegally stopped, his vehicle was illegally searched, and he was arrested without probable cause by several Chicago police officers. Presently before the Court is Defendants' motion to dismiss pursuant Federal Rule of Civil procedure 12(b)(6). Defendants' motion is granted.

## BACKGROUND

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). The court may take judicial notice of public records not included with the complaint when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Olson v. Champaign City, IL*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015).

Based on the above, the pertinent facts are as follows:

Plaintiff alleges that on January 23, 2013, Chicago police officers received an anonymous tip that a white Mercury Grand Marquis with a specific license plate number was dropping off heroin in a particular area. (Doc. 1). Chicago police followed behind the vehicle and "claimed" that they observed Plaintiff make an illegal right turn. (*Id.*) The police officers stopped the vehicle and asked Plaintiff for a valid driver's license. (*Id.*) Plaintiff informed the police officers that he could not produce a valid driver's license and Plaintiff was arrested. Plaintiff was then searched by a police officer, who "allegedly" found thirteen packs of heroin on Plaintiff's body. (*Id.*) A search of the vehicle "allegedly" resulted in a finding of nearly ninety packs of heroin under the hood. (*Id.*) Defendant Officer Vincent Stinar's report indicates that he stopped Plaintiff's vehicle at 5:45 p.m. and arrested Plaintiff at 5:55 p.m. (*Id.*) However, documents from the Office of Emergency Management and Communications indicate a time of 6:47 p.m. for the traffic stop. (*Id.*) Thus, Plaintiff alleges that Officer Stinar fabricated his arrest report because he could not have been stopped for a traffic violation if he had been arrested at 5:55 p.m. (*Id.*)

Subsequently, Plaintiff, as a *pro se* defendant in his state criminal proceeding, filed a motion to quash arrest and suppress evidence. (Doc. 25-3.) An evidentiary hearing on Plaintiff's motion was held on May 6, 2014. (*Id*.) At the hearing, Plaintiff called Officer Stinar as a witness. (*Id*.) Officer Stinar testified that he stopped a white Mercury Grand Marquis on the relevant date. (*Id*.) Officer Stinar had previously received a tip that a particular vehicle would be dropping off heroin at a specific location. (*Id*.) Officer Stinar had been following the vehicle for approximately three or four blocks before the traffic stop that occurred at approximately 5:30 p.m. (*Id*.) Officer Stinar testified that he had probable cause to stop the vehicle because the driver had made an illegal right-hand turn from the center lane. (*Id*.) After going to the driver's side window, Officer Stinar asked Plaintiff for his driver's license and insurance. (*Id*.) Plaintiff indicated that he could not provide a driver's license. (*Id*.) Officer Stinar then placed Plaintiff in custody for driving without a driver's license. (*Id*.)

Subsequently, Officer Stinar handcuffed Plaintiff and conducted a custodial search of Plaintiff's person. (*Id*.) Officer Stinar felt what he believed to be narcotics in Plaintiff's waistband and retrieved several packets of heroin from Plaintiff's person. (*Id*.) Officer Stinar also found $1,169 on Plaintiff's body. (*Id*.) In addition, the vehicle was searched and additional heroin was found under the hood. (*Id*.)

Officer Stinar also testified that he arrested Plaintiff at approximately 5:55 p.m. and that the event inquiry number on a report from the Office of Emergency Management and Communications indicated a traffic stop at 6:47 p.m. because Officer Stinar did not "pull" the "RD number" until he got back to the police station (RD number is not defined in the record). (*Id*.) Thus, the 6:47 p.m. time indicated the time that Officer Stinar pulled the RD number for

3

the earlier traffic stop and arrest. (*Id.*) While Officer Stinar could have radioed in for the RD number at the time of the traffic stop, he did not do so because he did think Plaintiff posed any threat at that time. (*Id.*)

The state court found that the evidence showed that Plaintiff had made an illegal turn and was stopped for that illegal turn. (*Id.*) When Plaintiff could not produce a valid driver's license, Plaintiff was placed under arrest for that offense. (*Id.*) The custodial search of Plaintiff then resulted in a finding of heroin on Plaintiff's body. (*Id.*) The inventory search of the vehicle also resulted in finding additional heroin. (*Id.*) In addition, Officer Stinar explained the time differences between his police report and the time on the report related to the RD number. (*Id.*) The state court denied Plaintiff's motion to quash arrest and suppress evidence. (*Id.*)

On February 27, 2015, Plaintiff pled guilty to possession of a controlled substance. (Doc. 25-2). At the plea hearing, Plaintiff stipulated that state's witness would testify that Plaintiff was driving a vehicle on January 23, 2013, that was stopped for a traffic violation. (*Id.*) Plaintiff was unable to produce a driver's license and the police officer conducting a custodial search of Plaintiff found heroin on Plaintiff's body. (*Id.*)

## ANALYSIS

Defendants argue that Plaintiff's claims fail because Plaintiff is collaterally estopped from arguing an illegal seizure and search and lack of probable cause for his arrest.

Collateral estoppel, also referred to as issue preclusion, bars the relitigation of issues already litigated and decided in a prior proceeding. *Reed v. Illinois*, 808 F.3d 1103, 1107-1108 (7th Cir. 2015); *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). Collateral estoppel can bar

a plaintiff from relitigating Fourth Amendment search-and-seizure and false arrest claims that he lost at a criminal suppression hearing. *See Allen v. McCurry*, 449 U.S. 90, 104-05 (1980); *Guenther v. Holmgreen*, 738 F.2d 879, 883 (7th Cir. 1984). An issue is barred by the doctrine of collateral estoppel if: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) there was a final judgment on the merits in the prior litigation; (3) the party whom estoppel is asserted was a party or in privity with a party in the prior action; and (4) the party against whom issue preclusion is invoked had a full and fair opportunity to litigate the issue in the prior action. *Reed*, 808 F.3d at 1107, quoting *Talarico v. Dunlap*, 177 Ill. 2d 185 (1997).

The undisputed facts demonstrate that Plaintiff's claims are barred by collateral estoppel. During his state criminal proceedings, Plaintiff moved *pro* se to suppress his arrest and suppress evidence for lack of probable cause. The criminal court held an evidentiary hearing on Plaintiff's motion during which Plaintiff waived an opening statement, elicited witness testimony, and presented closing arguments.

During the hearing, Officer Stinar testified that he stopped a white Mercury Grand Marquis on the relevant date. Officer Stinar had previously received a tip that a particular vehicle would be dropping off heroin at a specific location. Officer Stinar had been following the vehicle for approximately three or four blocks before the traffic stop occurred at approximately 5:30 p.m. Officer Stinar testified that he had probable cause to stop the vehicle because the driver had made an illegal right-hand turn from the center lane. When Officer Stinar asked Plaintiff for his driver's license and insurance, Plaintiff could not produce either. Officer Stinar then placed Plaintiff in custody for driving without a driver's license.

Subsequently, Officer Stinar handcuffed Plaintiff and conducted a custodial search of

5

Plaintiff's body. Officer Stinar felt what he believed to be narcotics in Plaintiff's waistband and retrieved several packets of heroin from Plaintiff's body. In addition, the vehicle was searched and additional heroin was found under the vehicle's hood. Officer Stinar also explained the "discrepancy" in the time of the stop and arrest and the report related to the RD number.

The state criminal court denied Plaintiff's motion, finding that the evidence showed that Plaintiff had made an illegal turn and was stopped for that illegal turn. When Plaintiff could not produce a valid driver's license, Plaintiff was placed under arrest for that offense. The custodial search of Plaintiff then resulted in a finding of heroin on Plaintiff's body. The inventory search of the vehicle also resulted in finding additional heroin.

In addition, Officer Stinar explained the time differences between his police report and the time on the report related to the RD number.

The above facts demonstrate that (1) the issue sought to be precluded is the same as that involved in a prior action; (2) there was a final judgment on the merits in the prior litigation; and (3) Plaintiff was a party in the prior action. In addition, these facts demonstrate that Plaintiff had a full and fair opportunity to litigate the issues in the prior action. Plaintiff's status as a *pro se* litigant in state court does not insulate him from the doctrine of collateral estoppel. *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013). Plaintiff elicited witness testimony and presented closing arguments. Plaintiff attempts to argue the discrepancy in Officer Stinar's police report regarding the time of his stop and arrest and the report related to the RD number amounts to evidence that the traffic stop never happened. This argument is merely an attempt to relitigate the same argument made in state court and merely reflects his disagreement with the state court's findings.

The state-court judge found probable cause existed to stop Plaintiff for a traffic violation and to subsequently arrest Plaintiff when he could not provide a driver's license. Probable cause is a complete defense to Plaintiff's illegal search and seizure and false arrest claims. *See Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Thus, Plaintiff is estopped from litigating the issue of whether probable cause existed. In light of all claims being barred by collateral estoppel, the Court need not address Defendants' argument that Plaintiff's false arrest claims are barred under the *Heck* doctrine.

For the foregoing reasons, Defendants' motion to dismiss is granted. Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed

7

within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

Defendants' motion to dismiss [25] is granted dismissed for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: August 2, 2016